IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MICHAEL JOHN TARVIN, #13584**                                              **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 4:07-cv-21-TSL-LRA**

**GEO, et al.**                                                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

The Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On February 16, 2007, an order [3] was entered denying the Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g),[1] commonly referred to as the "three-strikes" provision. The order directed the Plaintiff to pay the full filing fee of $350.00, within thirty days. The Plaintiff was warned in this order that his failure to timely comply with the requirements of the order would result in the dismissal of his complaint. The Plaintiff failed to comply with this order.

On March 12, 2007, the Plaintiff filed a second motion to proceed *in forma pauperis*. On April 5, 2007, an order [6] was entered denying the Plaintiff's second motion to proceed

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

*in forma pauperis*.  In addition, the Plaintiff was directed to comply with the February 16, 2007 order by paying the required filing fee, within fifteen days.  The Plaintiff was warned in the order that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.  Although the Plaintiff filed a motion to amend [7] on April 19, 2007, stating that he does not have $350.00, he has not complied with the Court's order.

The Plaintiff has failed to comply with two Court orders.  This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Defendants have never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Automotive Partners, LTD. v.*

*Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

    A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

    SO ORDERED, this the 1st day of May, 2007.

                                           /S/ TOM S. LEE  
                                           UNITED STATES DISTRICT JUDGE